**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESMERELDA STEFANI OPORTA ZAMORA, | Case No. 1:26-cv-01901-JLT-SKO |
| Petitioner, | ORDER GRANTING THE PETITION FOR HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING[1] |
| v. | |
| WARDEN, CALIFORNIA CITY CORRECTIONS CENTER, et al., | (Docs. 1, 2.) |
| Respondents. | |

## I.    INTRODUCTION

Before the Court for decision is Esmeralda Stefani Oporta Zamora's request for a temporary restraining order (Doc. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 8.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 8 at 2.) Because the Court grants the underlying petition and orders Respondents to provide Petitioner with a substantive bond hearing, the motion for temporary restraining order (Doc. 2) is **MOOT**.

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Nicaragua who entered the United States on or about October 1, 2022 and was encountered by immigration authorities near Yuma, Arizona. (Doc. 8-2 at 3.) On October 6, 2022, Petitioner was paroled into the United States. (*Id*.) On December 22, 2022, Petitioner was served with a Notice to Appear pursuant to §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 8-1.) On March 8, 2026, Petitioner was arrested when she appeared for a routine ICE check-in.[2] (Doc. 8-2 at 3.) She is currently being detained at the California City Detention Facility in California City, California. (*Id*.)

The government filed an opposition to the petition and issuance of preliminary injunctive relief, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 8.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any

---

[2] According to Petitioner's A-File submitted by Respondents, Petitioner incurred eight consecutive reporting violations from July 12, 2024 to November 23, 2025. (Doc. 8-2 at 3.)

justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. However, because there was at least a colorable basis for her arrest, the Court **ORDERS:**

    1.    The petition for writ of habeas corpus is **GRANTED**;

    2.    **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

///

///

///

///

3.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

UNITED STATES DISTRICT JUDGE